UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RUTH AMO,<br><br>                Petitioner,<br><br>v.<br><br>JOHN TENNY,<br><br>                Respondent. | Case No. 25-13394<br>Honorable Shalina D. Kumar<br>Magistrate Anthony P. Patti |

**OPINION AND ORDER OF DISMISSAL**

Before the Court is Ruth Amo's pro se petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. ECF No. 1. Amo did not pay the filing fee for this case when she filed her petition, but instead submitted an application to proceed in forma pauperis. Her application, however, was incomplete. *See* 28 U.S.C. § 1914(a); 28 U.S.C. § 1915; Rule 3 of the Rules Governing § 2254 Cases. Consequently, the Court issued a deficiency order on November 6, 2025 requiring her to either pay the filing fee or correct the deficiency by November 28, 2025. ECF No. 4. The order provided that if she did not do so, the case would be dismissed. *Id*.

The time for submitting the filing fee or required information has elapsed and Amo has not corrected the deficiency. Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case based upon

the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court ...." Fed. R. Civ. P. 41(b). Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the court to dismiss a case "when it appears that…the parties have taken no action for a reasonable time." E.D. Mich. LR 41.2. The Court may *sua sponte* dismiss a civil action for failure to prosecute pursuant to those rules. *See Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr.*, No. 14-14790, 2015 WL 4620605, *1-2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to pay filing fee or submit IFP application). Because Amo has not corrected the deficiency and has not complied with the Court's order, this case is subject to dismissal for want of prosecution.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition. This case is closed. No further pleadings should be filed in this matter. Should Amo wish to seek federal habeas relief, she must file a

new habeas case with payment of the filing fee or a completed in forma pauperis application. This case will not be reopened.

Before Amo may appeal, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists would not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a COA.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: January 6, 2026

3